MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SARAH S. NORMAND (SN-2834)
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: 212.637.2709
Fax: 212.637.2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ASSOCIATED PRESS,

           Plaintiff,

           v.

UNITED STATES DEPARTMENT OF
DEFENSE,

           Defendant.
------------------------------------------------------------ x

06 Civ. 1939 (JSR)
ECF Case

ANSWER

Defendant United States Department of Defense ("DOD"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the complaint of plaintiff Associated Press ("AP") upon information and belief as follows:

    1.    Paragraph 1 of the complaint contains AP's characterization of the nature of this action, and its reasons for filing this action, to which no response is required.

    2.    Denies the allegations in the first and third sentences of paragraph 2 of the complaint, except admits that DOD received a Freedom of Information Act ("FOIA") request from AP dated January 18, 2006, in which AP sought expedited processing of its request, and respectfully refers the Court to AP's FOIA request for a true and accurate statement of its contents. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 2, except admits that some of the information

sought by AP in its January 18, 2006 FOIA request had not previously been released.

3. Denies the allegations in paragraph 3 of the complaint, except admits that AP has filed two prior lawsuits under FOIA seeking information about Guantanamo detainees, and admits that as of March 13, 2006, DOD had not responded to AP's January 18, 2006 FOIA request.

4. Paragraph 4 of the complaint contains AP's characterization of the nature of this action, to which no response is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint.

6. Admits the allegations in paragraph 6 of the complaint.

7. Paragraph 7 of the complaint contains AP's allegations concerning jurisdiction, to which no response is required.

8. Paragraph 8 of the complaint contains AP's allegations concerning venue, to which no response is required.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the complaint, except admits that following the attacks of September 11, 2001, DOD captured and took custody of many enemy combatants during military operations in Afghanistan against al-Qaeda and the Taliban regime.

10. Denies the allegations in paragraph 10 of the complaint, except admits that DOD has detained approximately 750 detainees at Guantanamo, that approximately 267 detainees have been transferred or released from Guantanamo, and that approximately 490 detainees are presently detained by DOD at Guantanamo.

11. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 11 of the complaint.

12. Admits the first sentence of paragraph 12 of the complaint. Neither admits nor denies the allegations in the second sentence of paragraph 12, and instead respectfully refers the Court to Rasul v. Bush, 124 S. Ct. 2686 (2004), and Hamdi v. Rumsfeld, 124 S. Ct. 2633 (2004), for a true and accurate statement of their contents.

13. Denies the allegations in paragraph 13 of the complaint, except admits that DOD has conducted Combatant Status Review Tribunals ("CSRTs") and Administrative Review Boards ("ARBs") with regard to detainees at Guantanamo.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14 of the complaint. Neither admits nor denies the allegations in the second sentence of paragraph 14 of the complaint, and instead respectfully refers the Court to In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443, 481 (D.D.C. 2005), for a true and accurate statement of its contents.

15. Admits that certain detainees have filed petitions for writs of habeas corpus in the United States District Court for the District of Columbia. Neither admits nor denies the remaining allegations in paragraph 15 of the complaint, and instead refers the Court to the cited district court decisions for a true and accurate statement of their contents.

16. Denies the allegations in the first sentence of paragraph 16 of the complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. Neither admits nor denies the allegations in paragraph 18 of the complaint, and

instead respectfully refers the Court to the Detainee Treatment Act of 2005, Pub. L. No. 109-148, §§ 1001-06, 119 Stat. 2680, 2739-45 (2005), and its legislative history, for a true and accurate statement of their contents.

19.     Denies the allegations in paragraph 19 of the complaint, except admits that AP has filed two prior lawsuits under FOIA seeking documents relating to CSRT and ARB proceedings and allegations of detainee abuse.

20.     Denies the allegations in paragraph 20 of the complaint, except admits that the Court ordered DOD to produce copies of transcripts of CSRT proceedings with identifying information of detainees unredacted, and admits that DOD released such documents to AP on March 3, 2006, in accordance with the Court's Order.

21.     Admits the allegations in the first sentence of paragraph 21 of the complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 21, except admits that each transcript contains an ISN uniquely identifying the subject of the proceeding.

22.     Denies the allegations in the first sentence of paragraph 22 of the complaint. Admits the allegations in the second sentence of paragraph 22.

23.     Denies the allegations in paragraph 23 of the complaint, except admits that DOD received a FOIA request from AP dated January 18, 2006, and respectfully refers the Court to that FOIA request for a true and accurate statement of its contents.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint, except admits that AP's counsel advised DOD's counsel that it sought the "SIN number" [sic] for each detainee as part of its January 18, 2006 FOIA request.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint.

26. Neither admits nor denies the allegations in paragraph 26 of the complaint, and instead refers the Court to AP's January 18, 2006 FOIA request for a true and accurate statement of its contents.

27. Denies the allegations in paragraph 27 of the complaint, except admits that as of March 13, 2006, DOD had not responded to AP's FOIA request.

28. Paragraph 28 of the complaint assets a legal conclusion, to which no response is required.

29. DOD repeats, realleges, and incorporates its responses to the allegations in paragraphs 1 through 28 as though fully set forth in this paragraph.

30. Denies the allegations in paragraph 30 of the complaint.

31. DOD repeats, realleges, and incorporates its responses to the allegations in paragraphs 1 through 30 as though fully set forth in this paragraph.

32. Denies the allegations in paragraph 32 of the complaint.

The allegations in the unnumbered paragraph following paragraph 32 of the complaint and commencing with the word "WHEREFORE" state AP's request for relief, to which no response is required. To the extent a response is required, denies that AP is entitled to the requested relief, or to any relief whatsoever.

WHEREFORE, DOD demands judgment dismissing the complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated: New York, New York
April 26, 2006

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant DOD

By: /s/ Sarah S. Normand
SARAH S. NORMAND (SN-2834)
Assistant United States Attorney
Telephone: 212.637.2709
Fax: 212.637.2702

To: David A. Schulz, Esq.
Levine Sullivan Koch & Schulz, LLP
230 Park Avenue
New York, New York 10169
Attorneys for Plaintiff AP