Associated Press v. United States Department of Defense
Case 1:06-cv-01939-JSR   Document 10   Filed 05/11/2006   Page 1 of 5
Doc. 10

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SARAH S. NORMAND (SN-2834)
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: 212.637.2709
Fax: 212.637.2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

ASSOCIATED PRESS,  :   06 Civ. 1939 (JSR)
 : **ECF CASE**
        Plaintiff, :

   - v.- :   DECLARATION OF
 :   <u>PAUL B. RESTER</u>

UNITED STATES DEPARTMENT :
OF DEFENSE, :

        Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

Pursuant to 28 U.S.C.§ 1746, I, Paul B. Rester, hereby declare that:

1.  I am the Director of the Joint Intelligence Group at Joint Task Force (JTF) Guantanamo, Guantanamo Bay, Cuba, and have been so assigned since October 2005. Previously, I had been assigned to JTF-Guantanamo as the officer in charge of Department of Defense (DoD) interrogations from April through August 2002. I have been a professional in the field of human intelligence and the collection thereof for over 35 years. I was a career intelligence officer for the United States Army, and I subsequently served as a Supervisory Intelligence Officer in the Army Foreign Intelligence Activity and the Defense Intelligence Agency. I have been responsible for gathering human intelligence in forward deployed locations such as Iraq, Afghanistan and other areas such as JTF-Guantanamo. I have gathered and developed human intelligence sources of every type, including prisoners of war, enemy combatants and refugees.

2. The statements made herein are based upon my personal knowledge, upon information made available to me in my official capacity and upon determinations made by me in accordance therewith. In addition, I am personally familiar with the basis for classification of photographs of detainees as a result of my experience in gathering human intelligence. The Commander, JTF-Guantanamo, exercises Original Classification Authority under the provisions of Section 1.3 of Executive Order 12958, as amended. This authority has been delegated to him by the Undersecretary of Defense for Intelligence. The photographs in question have been duly classified in accordance with Executive Order 12958.

3. In the course of my official duties, I have become personally familiar with the Associated Press' January 18, 2006, request under the Freedom of Information Act (FOIA) for "documents sufficient to reveal the name, nationality, home town, age, and dates of confinement of each detainee who, since September 11, 2001, has been confined for any period of time at the U.S. Naval Base at Guantanamo Bay, Cuba," and "any other relevant identifying information about the detainees." I have been informed that on February 3, 2006, the Associated Press indicated that this request included a request for photographs that identified these detainees. I have reviewed the photographs responsive to this request on multiple occasions in the course of my official duties. Photographs of detainees currently held at JTF-Guantanamo are presently classified SECRET when combined with the name and Internment Serial Number (ISN) of the detainee. These photographs were classified well prior to the time the Associated Press made its request under FOIA.

4. Human intelligence is the most essential piece of the strategic intelligence being gathered in the Global War on Terror. Because of the nature of terrorist organizations, such as al Qaida, because of terrorist organizations' methods of operation, and because of the affiliations between terrorist organizations, human intelligence is the most effective source of actionable information for the anticipation and interdiction of terrorist activity. Because of the value of human intelligence, detained enemy combatants, whether detained at JTF-Guantanamo, in Afghanistan or in Iraq, are a potential source of information needed to wage the Global War on Terrorism effectively.

5.     The cooperation of human intelligence sources in the gathering of actionable information is an indispensable requirement in the fight against terrorist activity. Cooperating subjects simply will not provide information if they believe that, in so doing, they will jeopardize their safety or that of their families and loved ones. It is well documented in public sources, and consistent with my extensive experience, that persons who cooperate with capturing authorities are subject to reprisals by those about whom they may have provided information. In fact, persons who are captured and detained may not have cooperated at all, but if entities about whom they possess information believe that such persons have cooperated or are considering cooperating, reprisals can and do occur. These concerns are particularly acute in the case of persons who are linked to terrorist activity. Alleviating cooperating individuals' perceived or genuine concerns about reprisals is an essential part of developing human intelligence sources and gathering usable information.

6.     In strategic interrogations such as those conducted at JTF-Guantanamo, the cooperation of these intelligence sources is critical to the on-going human intelligence efforts. Intelligence gathered in JTF-Guantanamo has provided actionable information for the DoD worldwide. This includes information that has been, and continues to be, essential in conducting military operations on the battlefields of Iraq and Afghanistan.

7.     Cooperating detainees at JTF-Guantanamo have specifically voiced concerns for their families' safety as well as their own. In fact, some of the detainees have used multiple names and aliases in the past to conceal their actual identities. A release of photographs coupled with names would specifically identify each detainee in a way that a release of names (which may be common names) and other biographical information does not. Given the global communications capabilities provided by the internet, the photographs and names would be released worldwide almost instantaneously, and such release will inevitably become known to the detainees and those who may seek reprisal against them. The public release of photographs in conjunction with names will undoubtedly have a chilling effect on human intelligence collection at JTF-Guantanamo and elsewhere. In my experience with detainees generally, and with this population of detainees in particular, worldwide publication of a photograph

identifying a detainee coupled with a name is likely to exacerbate the detainee's fears of reprisal and make it substantially less likely that the detainee will cooperate and provide information in the future. No human intelligence sources interested in cooperating with United States officials under any hope of anonymity will be willing to do so if their photographs and names are publicly released. Accordingly, release of photographs of Guantanamo detainees when linked with their names and ISNs would substantially impede the DoD's ability to gather actionable intelligence information from these sources.

8.  FOIA Exemption (b)(1), 5 U.S.C. § 552(b)(1), allows for the withholding of information that (A) is specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) is in fact properly classified pursuant to such Executive order. The photographs of detainees at Guantanamo, when linked with the detainees' names and ISNs, satisfy these requirements. In order to protect human intelligence sources and to preserve the human intelligence method of collecting information, photographs clearly identifying the face of a detainee are classified at the SECRET level when the image is matched with the name and ISN of the detainee. This information is specifically authorized to be kept secret in the interest of national defense under Executive Order 12958, as amended. In accordance with Section 1.1(a) of Executive Order 12958, (1) the information had been classified by the Commander JTF-Guantanamo, who exercised original classification authority, (2) the information is owned by, produced by and for, and is under the control of the United States Government, (3) the information concerns "intelligence activities (including special activities), intelligence sources or methods, or cryptology," under Section 1.4 of Executive Order 12958, and (4) current JTF-Guantanamo Commander, Rear Admiral Harry B. Harris, Jr., has maintained that classification and determined, for the reasons stated herein, that the unauthorized disclosure of the information reasonably could be expected to result in serious damage to the national security, including our defense against transnational terrorism. The information therefore meets the definition found in Executive Order 12958, Section 1.1(a)(4) for SECRET information.

9.  Furthermore, this information was classified SECRET well prior to the time the Associated Press made its FOIA request in this case. Accordingly, the information as it relates to the approximately 485

individuals detained by the Department of Defense at Guantanamo is currently and properly classified in accordance with Executive Order 12958, as amended.

_10 May 2006_
Date

_Paul B. Rester_
Paul B. Rester, Director
Joint Intelligence Group
Joint Task Force-Guantanamo

5