UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, CENTER FOR CONSTITUTIONAL RIGHTS, PHYSICIANS FOR HUMAN RIGHTS, VETERANS FOR COMMON SENSE AND VETERANS FOR PEACE,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, AND ITS COMPONENTS DEPARTMENT OF ARMY, DEPARTMENT OF NAVY, DEPARTMENT OF AIR FORCE, DEFENSE INTELLIGENCE AGENCY; DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF JUSTICE, AND ITS COMPONENTS CIVIL RIGHTS DIVISION, CRIMINAL DIVISION, OFFICE OF INFORMATION AND PRIVACY, OFFICE OF INTELLIGENCE, POLICY AND REVIEW, FEDERAL BUREAU OF INVESTIGATION; DEPARTMENT OF STATE; AND CENTRAL INTELLIGENCE AGENCY,<br><br>Defendants. | DOCKET NO. 04-CV-4151 (AKH)<br><br>DECLARATION OF MARCO SASSÒLI<br><br>*Document Electronically Filed* |

Marco Sassòli, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am professor of international law at the University of Geneva, Switzerland, and associate professor of international law at the University of Québec in Montreal, Canada. I am also President of the University Center for International Humanitarian Law in Geneva. From 1985 to 1997 I worked with the International Committee of the Red Cross (ICRC), both in the field and at the organization's headquarters in Geneva. While at the ICRC, I served as, inter alia, deputy head of the organization's legal division. I am the author of a treatise, How Does Law Protect in War (ICRC, 1999), and numerous academic articles about the Geneva Conventions and international humanitarian law.

1176277v1

2. The purpose of this declaration is to provide an analysis of certain aspects of the Geneva Convention Relative to the Treatment of Prisoners of War ("Third Geneva Convention") and the Geneva Convention Relative to the Protection of Civilian Persons in Time of War ("Fourth Geneva Convention").

3. It is my understanding that this litigation concerns plaintiffs' request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for, among other things, records concerning the abuse of detainees held by the United States in, Iraq, Afghanistan, and/or Guantánamo Bay. I also understand that some of the records responsive to plaintiffs' FOIA request are photographs and videotapes that depict detainees being abused (collectively, "Photographs").

4. I have been informed that the issue before the court is whether the release of the Photographs would be consistent with the United States' obligations under the Third and Fourth Geneva Conventions.

5. For the following reasons, I believe that the release of the Photographs would not be contrary to the Geneva Conventions if the Photographs were altered to ensure that the prisoners depicted would not be individually recognizable.

## FINDINGS OF DECLARANT

6. The Geneva Conventions are intended first and foremost to ensure that prisoners are treated humanely. In reflection of this intent, the Third Geneva Convention, which protects "prisoners of war," states that such prisoners "must at all times be humanely treated" and "at all times be protected, particularly against acts of violence or intimidation and against insults and public curiosity." See Third Geneva Convention,

1176277v1

Art. 13. The Fourth Geneva Convention affords similar protection to all those who "find themselves, in case of a conflict or occupation, in the hands of a Party to the conflict or Occupying Power of which they are not nationals." See Fourth Geneva Convention, Art. 27.

7. Because the United States, Afghanistan, and Iraq are states party to the Third and Fourth Geneva Conventions, "persons having committed belligerent acts" against United States forces in connection with the conflicts in Afghanistan and Iraq and having fallen into the power of the United States are presumptively entitled to protection under the Third Geneva Convention. See Third Geneva Convention, Art. 5. Other individuals detained by the United States in connection with these conflicts are entitled to protection under the Fourth Geneva Convention if they are enemy or neutral nationals.

8. As defendants invoke Article 13 of the Third Geneva Convention and Article 27 of the Fourth Geneva Conventions as a rationale for withholding the Photographs, defendants apparently acknowledge that the individuals depicted in the Photographs are entitled to the protection of one or the other of the Conventions. I am in agreement with the defendants on this point.

9. The prisoners depicted in the Photographs must be protected from insult and public curiosity. This does not mean, however, that the Photographs cannot be released at all. Article 13 of the Third Geneva Convention and Article 27 of the Fourth Geneva Convention have been construed by states party and by the ICRC to prohibit the dissemination of photographs in which prisoners of war or protected persons are individually identifiable. The Conventions do not categorically prohibit the dissemination of photographs of prisoners being abused.

1176277v1

10. The declaration of Edward R. Cummings, submitted by defendants in this litigation, states without citation that the ICRC takes the position that Article 13 of the Third Geneva Convention categorically prohibits states party from disseminating photographs that show prisoners of war in degrading or humiliating positions. See Declaration of Edward R. Cummings, ¶ 17. In fact, as discussed below, ICRC officials have taken the position that such photographs may be disseminated if faces and identifying features are obscured.

11. In 1991, the British Red Cross Society (BRCS) submitted a draft resolution to the 26th International Conference of the Red Cross and Red Crescent interpreting Article 13 of the Third Geneva Convention. The resolution construed Article 13 "as prohibiting the public transmission of images of prisoners of war as individuals, but not forbidding the public transmission of images of prisoners of war who cannot be individually recognized." See Risius & Meyer, supra (emphasis added). The BRCS resolution specifically recognized "the important role of the media in helping to ensure respect for international humanitarian law." Id.

12. More recently, the ICRC was asked to comment on photographs of prisoners being abused by American forces in Iraq. In response, an ICRC spokesperson stated that such photographs may be released if faces and identifying features are obscured. See Pics "not breaching convention," South Africa News (May 21, 2004) (attached hereto as Exhibit A).

13. The Geneva Conventions' proscription against exposing prisoners to "insult and public curiosity" reflects a concern for the prisoner as individual. See Risius & Meyer, supra (noting that BRCS construction of Article 13 "is concerned with prisoners

1176277v1

of war <u>as individuals</u> [and] reflects the understanding . . . that Article 13 is designed to protect <u>individual</u> honour") (emphases added); ICRC, <u>Commentary: IV Geneva Convention Relative to the Protection of Civilian Persons in Time of War</u>, p.200 (stating that Article 27 of the Fourth Geneva Convention reflects "the principle of respect for the human person and the inviolable character of the basic rights of <u>individual</u> men and women") (emphasis added); <u>id</u>. p.201 (stating that Article 27 "covers all the rights of the <u>individual</u>") (emphasis added).

14. In my view, the proscription against exposing prisoners to "insult and public curiosity" does <u>not</u> mean that photographs of prisoners being abused may not be disseminated at all. Rather, it means that photographs of prisoners being abused may not be disseminated <u>if</u> they depict prisoners who are individually recognizable. I am not aware of any academic commentator who has taken a contrary position.

15. The Declaration of Geoffrey S. Corn, submitted by defendants in this litigation, states that the dissemination of the Photographs "would clearly subject the individuals depicted to public curiosity" because "it is almost inconceivable that release of such photographs would not generate renewed public curiosity related to the details depicted in the photographs." <u>See</u> Declaration of Geoffrey S. Corn, ¶ 11. "Public curiosity," however, must be distinguished from public <u>concern</u>. It is probably true that the dissemination of the photographs will generate renewed public concern for prisoners held by United States forces – and, indeed, for prisoners of war and protected persons more generally. The possibility that the Photographs will generate public concern, however, does not mean that their dissemination will violate the Geneva Conventions. In my opinion, it is highly unlikely that those who view the Photographs will view them

1176277v1

with disdain or contempt towards the prisoners depicted. On the contrary, the dissemination of the Photographs is likely to elicit concern for the prisoners depicted and for the treatment of prisoners of war and protected persons more generally.

16. For these reasons, I believe that the dissemination of the Photographs would be not be contrary to with the Geneva Conventions if they were altered to ensure that the prisoners depicted would not be individually recognizable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of April, 2005.

MARCO SASSOLI
Professeur, Département de droit international public
Faculté de droit
UNI MAIL
Bd du Pont-d'Arve 40
1211 Genève 4
Switzerland

1176277v1

# Exhibit A

| News24 | Finance24 | Food24 | Health24 | Property24 | Wheels24 |

**NEWS24.com**

**On this day**
1945 - Benito Mussolini, dictator of Italy until his downfall in 1943, is killed by partisans.

**Lotto Page**
Check your lu find out all th news, visit Ne

Search ○ News24 ○ Web by Google [        ] GO    My home page

**News Sections**
- Homepage
- World
- Iraqi Dossier
- News
- South Africa
- Sport
- Africa
- Sci-Tech
- Entertainment
- Finance
- Health
- Backpage

**Other Sections**
- Galleries
- Travel
- Traffic
- Letters
- Columnists
- Horoscopes
- TV Guides
- Lottery
- Cartoon
- Weather
- Mobile

**Special Reports**
- Zimbabwe
- Aids Focus
- Shaik Trial
- Iraqi Dossier
- More...

**Stidy**



**Lottery Numbers**
Lotto: 5 8 17 27 37 39 47
Lotto Plus: 7 27 32 40 41 42 20
UK Lottery: 2 15 20 24 32 47 29

IRAQ
News24 - Special Report

## Pics 'not breaching convention'
21/05/2004 20:56 - (SA)

Geneva - Releasing further photographs of prisoners being abused by United States forces in Iraq probably wouldn't breach the Geneva Conventions as long as the inmates couldn't be identified, the international Red Cross said on Friday.

Florian Westphal, spokesperson for the International Committee of the Red Cross, said: "My interpretation would be that you are not exposing them to 'public curiosity' if their faces are obscured."

The Geneva Conventions on the conduct of war ban exposing prisoners of war to "public curiosity".

US defence secretary Donald Rumsfeld has said this regulation would forbid the government from distributing photographs that show Iraqi detainees being humiliated or abused at Baghdad's Abu Ghraib Prison.

print story on ROTATRIM
email story

**Related Articles**
- Inmates' tales of torture
- Hundreds leave Abu Ghraib
- US paper publishes more photos
- 'Cover-up' at Abu Ghraib
- New abuse pics, more charges
- Top brass accept abuse blame
- Guard pleads guilty to abuse

Westphal declined to comment directly on whether Rumsfeld could release all the pictures provided the faces of the detainees were obscured, but said that "blurring faces might be a good way" to ensure that detainees can't be recognised in pictures.

**Cornered inmate is cowering**

The Washington Post on Friday published new photographs of prisoner abuse in Abu Ghraib, but Westphal said the paper had not breached the Geneva Conventions even though the face of one detainee was clearly visible, because only governments were bound by the treaties.

It is up to governments to pass the sort of legislation that would prevent the media from publishing photos that breached the Geneva Conventions, he said.

In the Washington Post's front-page photo, a cornered inmate is cowering in the face of a US soldier restraining a large black dog. The inmate's face is clearly visible.

Play WI

Win

Ge h se to y

Bu

- Lion convict
- Mbe

**Afrikaans**
Beeld
Die Burger
Volksblad
Rapport
Sake
Finansies
Tegniek
Landbou
Ligleet
Jip
Leefstyl
Sportkolf

**Partners**
Natal Witness
City Press
Finance Week
Carte Blanche
SASI
SA Gateway
Kgo
Community

**Subscribe**
Mens Health
FHM
SASI
Golf Digest
Shape
Fairlady
YOU
Heat

**Inteken**
Die Burger
Beeld
Volksblad
Weg
Huisgenoot

In other pictures, however, faces are obscured, blurred or hidden by hoods.

The photographs include images of a US soldier apparently preparing to strike a shackled detainee and a hooded inmate collapsed with his wrists handcuffed to the railing.

Another shows a baton-wielding soldier appearing to order a naked detainee covered in a brown substance to walk a straight line, although his ankles are shackled.

"What we say is that in order to protect the dignity of detainees, they should not be shown to public curiosity," said ICRC spokesperson Nada Doumani, speaking from Amman, Jordan.

"But we aren't going to make a big story of this. The problem now is not in publishing the picture as much as in what has happened in the prison."

**Never comments on conditions in prisons**

The neutral, Swiss-run ICRC is designated in the Geneva Conventions as their guardian, and ICRC delegates visit detainees across the globe.

The agency often speaks out on the legality of government actions under international humanitarian law, but never comments on the conditions it finds in prisons in order to ensure continued access.

Earlier this month, however, an ICRC report on conditions in Iraqi prisons was leaked, and the agency acknowledged that it had been demanding improvements for more than a year.

Coalition forces have met some of the demands, but others remain a concern, it said.

*Edited by Tisha Steyn*

Discussion Forums | Newsletters | Photo Galleries | Earlier stories

-- Top stories in this category --


Associated Press

PROMOTION

**Future lucky Lotto ticket for sale to the highest bidder on eBay**
In a bizarre encounter with a Turkish fortune-teller, a British Tourist was handed the supposed winning numbers for a July 2005 draw in the UK National Lotto.

**More strike it rich with Piggs Peak**
Piggs Peak Internet Casino has been at it again!

**Livestrong Bracelet $0.99**
Livestrong Bracelet, Wristbands Low Price & Fast Shipping

**Ribbon car magnets**
Magnet Mania Sale. Buy one get one free. Fast free Shipping.

Ads by Google

• UK 'design
• SA win
• 14 'not en
• Ex- dumbe

Fi
• Tra
• Car
• Flig
• Acc
• Gar
• Onl
• UK
• Onl

Q
Picture
Discus
Newsl
My ho
Terms
About
Adver
E-mail

